FILED
2004 APR 23 AM 8:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| ANNETTE WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | CV 03-J-2776-NE |
| LOZIER CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

ENTERED
APR 23 2004

## MEMORANDUM OPINION

Pending before the court is defendant Lozier Corporation's ("Lozier" or "defendant") motion for summary judgment (doc. 6). The court has reviewed the motion and the parties' other submissions. Based upon this review, the court is of the opinion that the motion is due to be granted.

### I. Background

Defendant hired plaintiff as a cycle counter on April 24, 1983. (Complaint ¶ 4.) Plaintiff developed migraines sometime prior to 2002.[1] (Ex. C to Def. Motion.)

---

[1] The actual date of onset of plaintiff's migraines is not clear. In her complaint, plaintiff alleges that she developed migraines in October, 2002. (Complaint ¶ 4.) However, her certifications of health care providers list conflicting onset dates of March, 2000, and December, 2001. (Ex. C to Def. Motion.)

1

In October, 2000, plaintiff requested Family Medical Leave Act ("FMLA") leave and submitted a certification of health care provider signed by Dr. Alan Wayne. *Id.* In March 2002, plaintiff again requested FMLA leave and submitted a certification of health care provider signed by Dr. Madadi Reddy. *Id.* Based on these certifications, defendant approved plaintiff for intermittent FMLA leave. (Ex. 1 to Def. Motion ¶ 7.) Plaintiff was notified by letter dated August 5, 2002 that she had exhausted her available FMLA leave for the calendar year. (Ex. E to Def. Motion; Ex. 1 to Def. Motion ¶ 9.) Dr. Reddy signed an Attending Physicians Statement on December 17, 2002 which indicates that the plaintiff was unable to work from December 16, 2002 to December 20, 2002 due to migraines. (Ex. 3 to Plaintiff's Response.) On January 6, 2003, Dr. Robert Ford signed a Lozier Return to Work/Work Restriction Report indicating that the plaintiff was unable to work due to migraines between October 14, 2002 and January 8, 2003. (Ex. 1 to Plaintiff's Response.) Plaintiff was terminated on January 15, 2003 for excessive absences. (Ex. G to Def. Motion; Ex. 1 to Def. Motion ¶ 11.) Plaintiff then filed a grievance against defendant based upon her termination. (Ex. 1 to Def. Motion ¶ 13.) On June 3, 2003, plaintiff entered into a settlement agreement with defendant which allowed her to return to work. (Ex. 4 to Plaintiff's Response; Ex. G to Def. Motion; Ex. 1 to Def. Motion ¶ 13.)

On August 2, 2003, the plaintiff obtained a doctor's excuse requesting that she

be excused from work from July 30, 2003 to August 2, 2003 "due to hospital admission." (Ex. 6 to Plaintiff's Response.) Plaintiff was again terminated on August 26, 2003 as a result of further absences. (Ex. I to Def. Motion; Ex. 1 to Def. Motion ¶¶ 15-17.)

## II. Standard of Review

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.*, 477 U.S. at 322-23. The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and

identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the non-moving party to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed. R. Civ. Pro. 56(e). In meeting this burden the non-moving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed. R. Civ. Pro. 56(c); *Matsushita*, 475 U.S. at 587. *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

"The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case...A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor." *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000), quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995). A factual dispute regarding a non-material issue will not preclude the defendant from succeeding on a motion for summary judgment. *Brown v. American Honda Motor Co.*, 939 F.2d 946, 953 (11th

Cir. 1991).

### III. Legal Analysis

Plaintiff alleges that her employment was terminated in January and August, 2003, as a result of attendance points she accumulated while on FMLA leave in violation of the Act, and that both terminations were in retaliation for her taking FMLA leave. (Complaint ¶¶ 13-16, 19.) Plaintiff argues that defendant wrongfully denied her FMLA leave in 2002 and 2003. Plaintiff further argues that defendant wrongfully terminated her twice in 2003 because she had taken FMLA leave. "[T]he FMLA creates two types of claims: interference claims, in which an employee asserts that his employer denied or otherwise interfered with his substantive rights under the Act and retaliation claims, in which an employee asserts that his employer discriminated against him because he engaged in activity protected by the Act." *Strickland v. Water Works & Sewer Board of Birmingham*, 239 F.3d 1199, 1206 (11th Cir. 2001)(citations omitted).

The FMLA provides that eligible employees have the right to "12 workweeks of leave during any 12-month period ... [b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(1)(D). Defendant asserts that plaintiff exhausted her FMLA leave by August, 2002, and, thus, her leave at the end of 2002 did not qualify

for FMLA protection. Plaintiff does not dispute that she had exhausted her leave in 2002 and offers no evidence to contradict the evidence submitted by defendant showing that her leave had been exhausted. (*See* Carlson Aff. at ¶ 9; Ex. E to Def. Motion.) Therefore, plaintiff has failed to show that she was improperly denied FMLA leave in 2002. *See McGregor v. Autozone, Inc.*, 180 F.3d 1305, 1308 (11th Cir. 1999) (an employee is not entitled to more than twelve weeks leave under the FMLA).

To state a claim of interference with respect to her rights in 2003, plaintiff must first show that she was entitled to FMLA leave. *Strickland*, 239 F.3d at 1206-7. For entitlement to FMLA leave, an employee must: (1) have been employed by the employer for at least 12 months; and (2) have been employed for at least 1,250 hours of service during the 12-month period immediately preceding the commencement of the leave. 29 C.F.R. § 825.110. Neither party disputes that plaintiff had been employed by defendant for at least 12 months. However, the second FMLA requisite is disputed.

Defendant asserts that plaintiff had not been employed for 1,250 hours of service during the 12-month period immediately preceding her leave commencing July 30, 2003. Plaintiff argues that she was employed for 1,250 hours, but counts the period of time between January and June, 2003 during which the plaintiff was not

employed. While plaintiff's employment was reinstated in June, 2003 and she was paid for the time she had been unemployed between January and June, the agreement signed by plaintiff pursuant to her reinstatement clearly provides that "[t]he hours that [plaintiff] will be paid for January through June will not count towards actual hours worked for FMLA and short term disability." (Ex. 4 to Plaintiff's Response.) Thus, plaintiff's argument fails and she cannot show that she was entitled to FMLA leave in July, 2003. Absent entitlement to FMLA leave, plaintiff cannot show interference with any FMLA rights and her claim of such fails as a matter of law.

Plaintiff's retaliation claim fails as a matter of law as well. To establish a claim of retaliation, plaintiff must show that: "(1) [s]he engaged in a statutorily protected activity; (2) [s]he suffered an adverse employment decision; and (3) the decision was causally related to the protected activity." *Strickland*, 239 F.3d at 1207. As discussed above, plaintiff cannot show that she was entitled to FMLA leave. Therefore, plaintiff cannot show that she engaged in a statutorily protected activity and her retaliation claim fails as a matter of law.[2]

---

[2] In addition, the court notes that plaintiff may not raise a claim here arising out of or relating to her termination on January 15, 2003 because she agreed in writing to a full and final settlement of any and all such claims. (Ex. 4 to Plaintiff's Response.) Thus, plaintiff's claim that she was wrongfully terminated in January, 2003, is barred.

## IV. Conclusion

Having considered all of the evidence submitted by the parties, the court finds that the plaintiff fails in her burden to show evidence sufficient to survive the defendant's motion for summary judgment. The court finds that, as a matter of law, the evidence is such that a reasonable jury could not return a verdict for the nonmoving party. *See Anderson*, 477 U.S. at 248.

Based upon the foregoing, defendant's motion for summary judgment (doc. 6) is **GRANTED**. Plaintiff's claims against the defendant shall be **DISMISSED WITH PREJUDICE** by separate order.

**DONE** and **ORDERED** this the 22 day of April, 2004.

Inge P. Johnson
U.S. District Judge